IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50527
Summary Calendar

_____

ARTURO SOLIS,

                                        Plaintiff-Appellant,

versus

DEBORAH A. PARKER;
STEVEN C. CHRISTENSEN;
JERRY J. HICKMAN; JIMMY
D. CRAIG; LUANN R. TIPPIT;
EARNEST H. OLIVER; FAWN D.
CARL,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-266
- - - - - - - - - - -
August 19, 1998
Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Arturo Solis, Texas state prisoner # 519192, has filed an

application for leave to proceed in forma pauperis (IFP) on

appeal, following the district court's certification that an

appeal would be frivolous.  By moving for IFP, Solis is

challenging the district court's certification that IFP should

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Solis argues that the district court erred in determining that his complaint failed to state a claim and in refusing to consider his proposed amended complaint and supplemental pleadings.

Solis failed to file timely a notice of appeal from the judgment dismissing the complaint and from the district court's order denying his Fed. R. Civ. P. 59(e) motion.  See Fed. R. App. P. 4(a)(1).  Solis filed a timely notice of appeal from the district court's denial of his Fed. R. Civ. P. 60(b) motion. Review of the denial of Solis' Rule 60(b) motion does not bring up the underlying judgment or the order denying the Rule 59(e) motion for review and cannot serve as a substitute for appeal. In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984).  Nor can Rule 60(b) be used to raise additional claims that were not alleged prior to judgment.  Behringer v. Johnson, 75 F.3d 189, 190 (5th Cir. 1996).

The district court did not abuse its discretion in denying Solis' Rule 60(b) motion, which sought reconsideration of issues raised in the Rule 59(e) motion and consideration of new claims that had not been alleged prior to judgment.  Id.; Ellis v. Richardson, 471 F.2d 720, 721 (5th Cir. 1973).  Solis has failed to demonstrate that he is raising a nonfrivolous issue on appeal.

We uphold the district court's order certifying that the

appeal is not taken in good faith.  Solis' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Solis' motion to supplement the appellate record with the omitted but previously designated amended complaint is DENIED. IFP DENIED; APPEAL DISMISSED.